BOEHM, Justice,
dissenting.
I respectfully dissent. The majority has stated the applicable law correctly as I understand it. I believe, however, that the majority’s review of the evidence does not give sufficient deference to the trial court’s finding of mental retardation.
The trial court’s finding is subject to a clearly erroneous standard of review. Pruitt v. State, 834 N.E.2d 90, 104 (Ind. 2005). The trial court was presented with conflicting evidence on McManus’s intellectual functioning and his adaptive behavior. The majority notes evidence suggesting McManus is not deficient in intellectual functioning or adaptive behavior, but the *793 record is replete with conflicts in expert and lay testimony on both issues. Mc-Manus’s IQ tested at 70 at age 22 and 72 at age 14. Both scores are in the range of intellectual functioning qualifying for mental retardation. The explanation offered that low IQ scores can be attributable to stress or inattention is for the trial court to accept or reject. Similarly, expert testimony was offered to explain the conclusion of substantial impairment of adaptive behavior despite the relatively favorable accounts of McManus in the workplace. In addition, several witnesses testified to Mc-Manus’s adaptive behavior at a young age and more recently. Their accounts of his abilities and difficulties varied, and the trial court could properly credit the defense witnesses.
We recently affirmed a finding by a trial court that a defendant was not mentally retarded despite significant evidence suggesting that he was. See Pruitt, 834 N.E.2d at 90. In my view, the clearly erroneous standard of review dictates affirming this trial court’s determination as to mental retardation as well.
RUCKER, J., concurs.